United States District Court
Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

JEFFREY BLAISDELL,

Case No. 18-CV-06775-LHK

13

Plaintiff,

**ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES**

14

v.

15

EVO EXHIBITS, LLC,

Re: Dkt. No. 12

16

Defendant.

17

18         Plaintiff Jeffrey Blaisdell ("Plaintiff") brings this case against Evo Exhibits, LLC

19  ("Defendant") concerning an agreement that governed Plaintiff's previous employment with

20  Defendant. Before the Court is Plaintiff's motion to remand and request for attorney's fees. ECF

21  No. 12 ("Mot."). Having considered the submissions of the parties, the relevant law, and the

22  record in this case, the Court GRANTS Plaintiff's motion to remand the case to Santa Clara

23  County Superior Court and DENIES Plaintiff's request for attorneys' fees.

24  **I.      BACKGROUND**

25         On June 20, 2018, Plaintiff filed a complaint for declaratory relief and interference with

26  prospective economic advantage against Defendant in the Santa Clara County Superior Court

27

28

("State Court Action"). ECF No. 1-1 ("Compl.").[1] In his State Court Action complaint, Plaintiff alleged that Plaintiff "is and, at all times herein mentioned, was a resident of the County of Santa Clara, State of California." *Id.* ¶ 1. Plaintiff also alleged that Defendant is "an Illinois limited liability company with its principal place of business located at 399 Wegner Drive, West Chicago, Illinois." *Id.* ¶ 2. Plaintiff alleged that he was approached by Defendant in 2010 and accepted employment by Defendant in February or March of 2010 "as a sales representative employed from his home located on Bryan Avenue, in San Jose, California." *Id.* ¶ 5. The allegations state that Plaintiff used his home as his "office" from "which he would work on a daily basis when he was not traveling." *Id.* Plaintiff also alleged that Defendant "is aware that Plaintiff is a resident of the State of California and that the public policy of the State of California . . . renders a covenant not to compete void as against the public policy of the State of California." *Id.* ¶ 9. Defendant answered the State Court Action complaint on August 24, 2018. ECF No. 1-2.

On September 10, 2018, Plaintiff appeared before the court in the State Court Action on an *ex parte* application ("9/10/18 *ex parte* application") to have a motion for summary adjudication filed, served, and be heard. ECF No. 1-8 ("Ex Parte Application"). In that 9/10/18 *ex parte*

---

[1] Defendant requests judicial notice of four documents that were filed before the Santa Clara County Superior Court ("State Court Action"). *See* ECF No. 14 ("RJN"). Defendant also requests judicial notice of four documents, which are Defendant's interrogatories and Plaintiff's responses in the State Court Action. *Id.* Plaintiff does not oppose taking judicial notice of these documents, and Plaintiff himself references documents from the State Court Action. *See* Mot. The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The Court agrees that all eight documents are subject to judicial notice. As public records, the documents filed in the State Court Action are subject to judicial notice. *See, e.g.*, *Black*, 482 F.3d at 1041. Further, the interrogatories and responses are not subject to reasonable dispute and are documents that the Court may take judicial notice of in considering a motion to remand. *See, e.g.*, *Toma & Pertos, DDS, Inc v. Hartford*, No. 17-cv-1029-MMA (NLS), 2017 WL 3393668, at \*2 (S.D. Cal. Aug. 8, 2017) (taking judicial notice of interrogatories on motion to remand). The Court therefore GRANTS Defendant's unopposed request for judicial notice.

2

1    application, which included Plaintiff's counsel's declaration, Plaintiff's counsel wrote that "[t]his

2    suit involves the determination of whether a covenant not [to] compete contained in an agreement

3    to employ a California resident working in the State of California is enforceable under California

4    law." *Id.* at 1. Plaintiff's counsel also declared that "Plaintiff is a life-long resident of the State of

5    California and was employed by the defendant Evo Exhibits until February 1, 2018." *Id.*

6         On September 12, 2018, Defendant filed a motion to dismiss in the State Court Action.

7    ECF No. 1-3. On October 8, 2018, Defendant served form interrogatories and special

8    interrogatories on Plaintiff. ECF No. 1-4.

9         On October 9, 2018, Plaintiff filed his motion for summary adjudication and attached

10   Plaintiff's declaration ("10/9/18 declaration"). ECF Nos. 1-5 & 1-6 ("Plaintiff's 10/9/18 Decl.").

11   In the 10/9/18 declaration, Plaintiff stated that he "was born in the State of California and ha[s]

12   worked here all of [his] adult life." Plaintiff's 10/9/18 Decl. at 1. In addition, Plaintiff wrote that

13   he was employed by Defendant and "worked primarily out of [his] home located in San Jose,

14   California"; Plaintiff "lived at three different addresses in San Jose while working for Evo"; a

15   number of Plaintiff's customers were located or based in California; and Plaintiff attended trade

16   shows in California. *Id.* at 1–2. Plaintiff also wrote that since resigning his employment with

17   Defendant, Plaintiff has been working "primarily out of [his] home on Bryan Avenue" and that

18   ninety percent of his sales are with companies based in California. *Id.* at 2.

19        On November 8, 2018, Defendant removed Plaintiff's suit to federal court. ECF No. 1

20   ("Notice of Removal."). Defendant stated that the basis for removal is diversity jurisdiction as

21   Plaintiff is a citizen of California and Defendant is a citizen of Illinois. *Id.* ¶¶ 14–17. Defendant

22   asserted that "the Complaint does not establish that Plaintiff's claims are removable because the

23   Complaint does not plead Plaintiff's domicile or citizenship." *Id.* ¶ 17. Instead, Defendant asserted

24   that Plaintiff's 10/9/18 declaration, which stated that Plaintiff "was born in the State of California

25   and ha[s] worked here all of [his] adult life," was the first paper in the State Court Action that gave

26   notice that the action was removable. *Id.* ¶ 18. Therefore, according to Defendant, the November

27   8, 2018 removal was timely because Defendant removed within thirty days of receipt of Plaintiff's

28
Case No. 18-CV-06775-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES

1  10/9/18 declaration. *Id.*

2  On November 8, 2018, after Defendant removed, Defendant's counsel also received

3  Plaintiff's responses to the interrogatories. ECF No. 13-1 ("Powell Decl.") ¶ 3; RJN, Exs. G & H.

4  Plaintiff's responses confirmed that Plaintiff is domiciled in California, that Plaintiff was born in

5  California, that Plaintiff completed his high school and college education in California, and that

6  Plaintiff has a California driver's license. RJN, Exs. G & H.

7  On November 21, 2018, Plaintiff filed the instant motion to remand and request for

8  attorneys' fees challenging the timeliness of Defendant's removal. *See* Mot. In particular, Plaintiff

9  disagrees with Defendant's position that Plaintiff's 10/9/18 declaration was the first pleading that

10  gave notice that the action was removeable because, according to Plaintiff, the 9/10/18 *ex parte*

11  application provided the first notice that Plaintiff was domiciled in California. Mot. at 1–2 (citing

12  Ex Parte Application). In particular, the 9/10/18 *ex parte* application provided that "Plaintiff is a

13  life-long resident of the State of California and was employed by the defendant Evo Exhibits until

14  February 1, 2018." *See* Ex Parte Application. Therefore, according to Plaintiff, Defendant's

15  November 8, 2018 removal was untimely because it occurred more than thirty days after receipt of

16  the 9/10/18 *ex parte* application.

17  Defendant opposed on December 5, 2018. ECF No. 13 ("Opp'n"). Plaintiff replied on

18  December 10, 2018. ECF No. 15 ("Reply").

19  **II.    LEGAL STANDARD**

20  **A.  Motion to Remand**

21  A suit may be removed from state court to federal court only if the federal court would

22  have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v.*

23  *Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed

24  in federal court may be removed to federal court by the defendant."). If it appears at any time

25  before final judgment that the federal court lacks subject matter jurisdiction, the federal court must

26  remand the action to state court. 28 U.S.C. § 1447(c).

27  The party seeking removal bears the burden of establishing federal jurisdiction. Provincial

28

4

Case No. 18-CV-06775-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES

*Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal

statute is strictly construed, and any doubt about the right of removal requires resolution in favor

of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### B. Request for Attorneys' Fees

Following remand of a case upon unsuccessful removal, the district court may award "just

costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28

U.S.C. § 1447(c). The award of fees and costs is in the discretion of the district court. *Lussier v.

Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Nonetheless, "[a]bsent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively

reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

141 (2005).

The objective reasonableness of removal depends on the clarity of the applicable law and

whether such law "clearly foreclosed the defendant's basis of removal." *Lussier*, 518 F.3d at 1066-

67. "If the law in the Ninth Circuit is not so clear as to make the removing party's endeavor

entirely frivolous, a court will deny the request for attorney's fees." *FSM Dev. Bank v. Arthur*, No.

11-CV-05494-LHK, 2012 WL 1438834, at \*7 (N.D. Cal. Apr. 25, 2012) (brackets omitted).

### III. DISCUSSION

#### A. Plaintiff's Motion to Remand

The parties do not dispute that this Court has subject matter jurisdiction over this case

based on diversity jurisdiction. Under 28 U.S.C. § 1332, diversity jurisdiction exists if the Plaintiff

and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

Here, the Plaintiff is a resident of California; the Defendant is an Illinois corporation; and the

amount in controversy exceeds $75,000. Notice of Removal ¶¶ 13–16. Accordingly, the Court has

diversity jurisdiction. Nonetheless, in his motion to remand, Plaintiff argues that the Court should

remand the instant case to Santa Clara County Superior Court because Defendant's removal was

Case No. 18-CV-06775-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1    untimely as it was done more than thirty days after Defendant had received notice of the state

2    court action as required by 28 U.S.C. § 1446(b). *See* Mot.

3          Section 1446 generally governs the time limits within which a defendant may remove a

4    civil action from state court. *See* 28 U.S.C. § 1446. Section 1446 provides "two thirty-day

5    windows during which a case may be removed—during the first thirty days after the defendant

6    receives the initial pleading or during the first thirty days after the defendant receives [ ] [other]

7    paper 'from which it may first be ascertained that the case is one which is or has become

8    removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life*

9    *and Casualty Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)(1) & (3)); *see*

10   *also* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within 30 days after receipt by

11   the defendant, through service or otherwise, of a copy of an . . . other paper from which it may

12   first be ascertained that the case is one which is or has become removable."). The inquiry

13   regarding whether the pleading or other paper gives notice that the case is one which is removable

14   is an objective one. *See Harris*, 425 F.3d at 697. "When the defendant receives enough facts to

15   remove on any basis under section 1441, the case is removable, and section 1446's thirty-day

16   clock starts ticking." *Durham v. Lockheed Martin Corp*., 445 F.3d 1247, 1253 (9th Cir. 2006).

17         Defendant relies on the second window and contends that Plaintiff's 10/9/18 declaration

18   constitutes "other paper" from which Defendant first ascertained that the case is removable

19   because it was the first paper in which Defendant ascertained that California was Plaintiff's

20   domicile. *See* Notice of Removal; *see also* Opp'n. Specifically, the 10/9/18 declaration stated

21   Plaintiff "was born in the State of California and ha[s] worked here all of [his] adult life."

22   Plaintiff's 10/9/18 Decl. at 1. Therefore, Defendant asserts that its November 8, 2018 removal was

23   timely as it occurred within thirty days of receipt of the 10/9/18 declaration.

24         Plaintiff disagrees and argues that Plaintiff's 10/9/18 declaration was not the first "other

25   paper" from which it could be ascertained that Plaintiff was domiciled in California because the

26   9/10/18 *ex parte* application supplied that information. Mot. at 1–2. Specifically, the 9/10/18 *ex*

27   *parte* application stated that "Plaintiff is a life-long resident of the State of California." *See* Ex

28

1    Parte Application. Therefore, Plaintiff asserts that the November 8, 2018 removal was untimely as

2    it occurred more than thirty days after the 9/10/18 *ex parte* application.

3         Defendant's main arguments in opposition are that (1) the 9/10/18 *ex parte* application

4    cannot constitute "other paper" because it does not establish that Plaintiff's counsel has personal

5    knowledge of Plaintiff's residency; and (2) although the 9/10/18 *ex parte* application referred to

6    residency, this was insufficient to make the action removable because "domicile" requires both

7    residence and intent to remain indefinitely, *see Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857

8    (9th Cir. 1986); and (2). Opp'n at 2, 5–9. The Court discusses both of Defendant's arguments

9    below. Ultimately, the Court agrees with Plaintiff that the 9/10/18 *ex parte* application was the

10   first "other paper" from which Defendant could ascertain that the case is removable, and therefore,

11   Defendant's November 8, 2018 removal was untimely.

12        **1.  The 9/10/18 *Ex Parte* Application Constitutes Other Paper**

13        First, the Court disagrees with Defendant's argument that the 9/10/18 *ex parte* application

14   cannot constitute "other paper" because it does not establish that Plaintiff's counsel has personal

15   knowledge of Plaintiff's residency. Opp'n at 7.

16        As an initial matter, the Ninth Circuit has recognized that "other paper[s]" can include

17   documents such as a state court demand letter received after the initial pleading, *Kuxhausen v.*

18   *BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141–42 (9th Cir. 2013), a letter from counsel in

19   preparation for mediation, *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2008), or a

20   letter from counsel stating an intent to proceed to trial, *see Harris*, 425 F.3d at 691; *see also Pac.*

21   *Co. v. Haight*, 126 F.2d 900, 905 (9th Cir. 1942) (finding notice of removal timely where plaintiff

22   announced intent to proceed to trial without serving resident defendants). Thus, under Ninth

23   Circuit law, Plaintiff's counsel's declaration in the 9/10/18 *ex parte* application constitutes "other

24   paper."

25        Moreover, the Court is not persuaded by Defendant's insistence that the declaration does

26   not demonstrate that Plaintiff's counsel has personal knowledge of Plaintiff's residency. Indeed,

27   Plaintiff's counsel's declaration in the 9/10/18 *ex parte* application declared that California was

28

Case No. 18-CV-06775-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1    Plaintiff's residence and that declaration was made under penalty of perjury. Therefore,

2    Defendant's assertion that the 9/10/18 *ex parte* application is not competent evidence of

3    removability is incorrect. Moreover, as the Ninth Circuit cases above demonstrate, a declaration

4    under penalty of perjury filed with the court is not even required. In the above cases, the Ninth

5    Circuit found that letters from counsel were sufficient to constitute "other paper." Accordingly, the

6    Court finds that the 9/10/18 *ex parte* application constitutes "other paper."

7        **2.  The 9/10/18 *Ex Parte* Application Established the Action Was Removable**

8        Second, the Court disagrees with Defendant's argument that the 9/10/18 *ex parte*

9    application is insufficient to establish that the action was removable. Opp'n at 6–7. Both parties

10   agree that domicile is established by residence with intent to remain. *See* Opp'n at 5–6; Reply at 4.

11   However, Defendant asserts that the statement in the *ex parte* application that "Plaintiff is a life-

12   long resident of the State of California" did not demonstrate an intent to remain in California.

13   Opp'n at 7.

14       Defendant's argument is unconvincing. First, the statement that Plaintiff is a "life-long

15   resident" of California objectively provides that Plaintiff is domiciled in California because it rules

16   out the possibility of another past residence and, in turn, domicile. Moreover, Defendant appears

17   to argue that the statement "life-long resident" was not competent evidence of domicile because

18   there is always a possibility that Plaintiff could move to a new place. However, Ninth Circuit case

19   law provides that "a person's old domicile is not lost until a new one is acquired." *Lew v. Moss*,

20   797 F.2d 747, 750–51 (9th Cir. 1986). Therefore, absent any indication that Plaintiff had an intent

21   to move or actually moved to a new state, a person could objectively conclude that California was

22   Plaintiff's domicile.

23       Further, the unconvincing nature of Defendant's argument is underscored when reviewing

24   the 10/9/18 declaration that Defendant *does* rely on for removal. The language in the 10/9/18

25   declaration is nearly identical to that of the 9/10/18 *ex parte* application. Indeed, the 10/9/18

26   declaration provides that Plaintiff "was born in the State of California and ha[s] worked here all of

27   [his] adult life." Plaintiff's 10/9/18 Decl. at 1. On the other hand, the 9/10/18 *ex parte* application

28
                                                      8
     Case No. 18-CV-06775-LHK
     ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES

United States District Court
Northern District of California

states: "Plaintiff is a life-long resident of the State of California." Given the similarities between the two statements, it does not make sense for Defendant to assert that one document provided notice of removability, but that the other did not.

Possibly in an attempt to now distinguish the two documents, Defendant points to other facts that the 10/9/18 declaration provided, including that (1) when Plaintiff was employed by Defendant, Plaintiff "worked primarily out of [his] home located in San Jose, California;" (2) Plaintiff "lived at three different addresses in San Jose while working for Evo"; (3) a number of Plaintiff's customers were located or based in California; (4) Plaintiff attended trade shows in California; and (5) since resigning his employment with Defendant, Plaintiff has still been working "primarily out of [his] home on Bryan Avenue" and ninety percent of his sales are with companies based in California. Plaintiff's 10/9/18 Decl. at 1–2. However, these same facts were already alleged in the State Court Action complaint. *See, e.g.*, Compl. ¶ 5 ("Plaintiff commenced his employment with Evo Exhibits, LLC in approximately February or March of 2010 as a sales representative employed from his home located on Bryan Avenue, in San Jose, California."); *id.* ("Plaintiff was employed to call on prospective customers throughout the United States, including within the State of California, using his home or his 'office' from which he would work on a daily when he was not traveling."); *id.* ¶¶ 8, 12 ("Plaintiff terminated his employment with Defendant Evo on February 2, 2018 . . . Upon terminating his employment with Defendant Evo, Plaintiff thereafter accepted employment as a sales representative for Ion Exhibits working from his home office located on Bryan Avenue, in San Jose, California."). Therefore, Defendant already had notice of these allegations at the time of Plaintiff's filing of the lawsuit in state court on June 20, 2018. As such, the 10/9/18 declaration did not provide any information of which Defendant was not already aware.

In sum, the Court agrees that the 9/10/18 *ex parte* application constituted the first other paper that provided notice that the case was removable. Therefore, Defendant's November 8, 2018 removal was untimely as it occurred more than thirty days after September 10, 2018. Accordingly, the Court GRANTS Plaintiff's motion to remand.

9

Case No. 18-CV-06775-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES

United States District Court
Northern District of California

**B. Plaintiff's Request for Attorneys' Fees**

Plaintiff also requests attorneys' fees pursuant to 28 U.S.C. § 1447(c) for costs and actual expenses incurred as a result of the improper removal. Mot. at 7–9. However, the Court disagrees with Plaintiff's assertion that Defendant's removal was objectively unreasonable. Importantly, both parties agree that this Court has diversity jurisdiction. Defendant's only failure was that its removal was ultimately. Therefore, it was not objectively unreasonable for Defendant to remove. *See Maniar v. F.D.I.C.*, 979 F.2d 787, 784 (9th Cir 1992) ("[U]ntimely removal is a procedural defect and not jurisdictional"). Accordingly, the Court in its discretion DENIES Plaintiff's request for attorneys' fees. *See, e.g.*, *Blaker v. Credit One Bank, N.A.*, No. 18-CV-2108-CAB-JMA, 2018 WL 5307470, at *4 (S.D. Cal. Oct. 26, 2018) (denying request for fees when the court's jurisdiction was "undisputed" and the "case could have remained" in the federal court had the removal been timely).

## IV. CONCLUSION

For the foregoing reasons the Court GRANTS Plaintiff's motion to remand and REMANDS the instant case to Santa Clara County Superior Court. The Court also DENIES Plaintiff's request for attorneys' fees. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 4, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

10

Case No. 18-CV-06775-LHK
ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES